# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JOHN SHERWOOD,** : | |
|    **Plaintiff,** : | |
| v. : | **Civil Action No.** |
| : | **7:06-CV-93 (HL)** |
| **MICHELIN NORTH AMERICA, INC.,** : | |
| **et al.,** : | |
|    **Defendants.** : | |

## ORDER

As part of the initial review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. Save the Bay, Inc. v.United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's original jurisdiction can be based either on a federal question or diversity of citizenship. As Plaintiff has attempted to base jurisdiction on diversity of citizenship, the Court will not discuss federal question jurisdiction further. The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

1332(a)(1) (2000). In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Regarding the amount in controversy requirement, "a complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy." Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) (citing Schlesinger v. Councilman, 420 U.S. 738, 744 (1975)).

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2000). Although not defined by federal statue, a corporation's principal place of business has been defined by federal case law. Principal place of business is determined by analyzing the total activity of the corporation. Village Fair Shopping Center v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir.1979). The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. See Vareka Investments, N.V. v. American Investment Properties, Inc., 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'" MacGinnitie v. Hobbs Group, 420 F.3d 1234, 1239 (11th Cir. 2005) (quoting Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir.1980). Accordingly, stating only the state in which a corporation does business is not enough to establish the citizenship of a corporation.

Plaintiffs have failed to properly allege the citizenship of Defendant Michelin Americas

Research and Development Corporation. Therefore, Plaintiffs have twenty days from the entry of this order on the docket, to properly allege jurisdiction. If Plaintiffs fail to do so, the case will be dismissed for lack of jurisdiction.

**SO ORDERED**, this the 18th day of September, 2006.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs