# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JOHN SHERWOOD,

    Plaintiff,

v.

MICHELIN NORTH AMERICA, INC., et al.,

    Defendants.

Civil Action No.
7:06-CV-93 (HL)

# ORDER

Plaintiff's Motion to Quash Defendant Ford Motor Company's Subpoena to Progressive Insurance (Doc. 32), Plaintiff's Motion to Quash Defendant Michelin North America's Subpoena to Progressive Insurance (Doc. 39), Defendant Ford Motor Company's Motion for Extension of Time to Identify Expert Witnesses (Doc. 41), and Plaintiff's Amended Complaint (Doc. 48) are before the Court. For the reasons expressed below, Plaintiff's Motion to Quash Defendant Ford Motor Company's Subpoena to Progressive Insurance (Doc. 32) is dismissed as moot, Plaintiff's Motion to Quash Defendant Michelin North America's Subpoena to Progressive Insurance (Doc. 39) is denied, and Defendant Ford Motor Company's Motion for Extension of Time to Identify Expert Witnesses (Doc. 41) is dismissed. In addition, Plaintiff's Amended Complaint (Doc. 48) is not properly filed.

**I. PLAINTIFF'S MOTION TO QUASH DEFENDANT FORD MOTOR COMPANY'S SUBPOENA TO PROGRESSIVE INSURANCE (DOC. 32)**

On November 11, 2006, Plaintiff moved the Court to quash a subpoena issued by Defendant Ford Motor Company to Progressive Insurance Company seeking documents connected with Plaintiff's insurance policy. Defendant Ford Motor Company filed a response on December 12, 2006, informing the Court that the issue was moot. According to Defendant Ford Motor Company, Progressive Insurance Company indicated, in a letter dated December 8, 2006, that they possess no documents that are responsive to the subpoena. Moreover, Defendant Ford Motor Company is apparently satisfied with Progressive's assertion and does not seek further documents from Progressive using the portion of the subpoena in question. Therefore, as the parties have settled this dispute, Plaintiff's Motion to Quash is dismissed as moot.

**II. PLAINTIFF'S MOTION TO QUASH DEFENDANT MICHELIN NORTH AMERICA'S SUBPOENA TO PROGRESSIVE INSURANCE (DOC. 39)**

On December 29, 2006, Plaintiff moved the Court to quash a subpoena issued to Progressive Insurance Company by Defendant Michelin North America. The subpoena in question commands the production of four sets of documents:

> (1) Copies of all records concerning or relating to the above-referenced insurance policy including, but not limited to applications for benefits, explanations of benefits, and any claims for benefits.
> (2) Copies of each and every record, report, correspondence or writing of each and every kind of nature pertaining to or in any way connected with the above referenced insurance policy, including, but not limited to treatment charges and amounts paid for claims.
> (3) Copies of each and every photograph pertaining to or in any way connected with the above-referenced insurance policy.

> (4) Any and all other documents in your possession related to the insurance coverage of the above-referenced insurance policy.

Plaintiff asserts the subpoena calls for "documents and things created in anticipation of litigation by Progressive Insurance Company, a representative of Mr. Sherwood." Plaintiff also asserts the discovery requests are "vague, overbroad and unreasonably calculated to annoy oppress and harass the Plaintiff."

Despite Plaintiff's broad allegations, Plaintiff failed to describe with any particularity the allegedly privileged documents or offer any support for his assertion that any of the documents covered by the subpoena are in fact privileged. Furthermore, Plaintiff provides the Court with no evidence that complying with the subpoena is overly burdensome. As the party moving to quash the subpoena, Plaintiff has the burden of showing the subpoena calls for privileged information or that compliance with the subpoena would be unreasonable. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004). Because Plaintiff has chosen to provide the Court with nothing more than vague averments, Plaintiff has failed to meet his burden. Therefore, Plaintiff's Motion to Quash Defendant Michelin North America's Subpoena to Progressive Insurance is denied.

**III. DEFENDANT FORD MOTOR COMPANY'S MOTION FOR EXTENSION OF TIME TO IDENTIFY EXPERT WITNESSES (DOC. 41)**

Defendant Ford Motor Company has filed a Motion for Extension of Time to Identify Expert Witnesses asking the Court to modify the provisions of the Court's standard Rule

16/26 Order concerning deadlines for the identification of expert witnesses. The Court notes the parties fully discussed the extension of the deadlines regarding identification of expert witnesses in the proposed scheduling and discovery order filed with the Court in this case. As set forth in the Court's Rule 16/26 Order, any change in the standard deadlines will be considered by the Court in adopting or modifying the parties proposed scheduling and discovery order; no independent motion is needed or desired. Accordingly, the Court will consider the parties proposed deadlines regarding identification of expert witnesses when it considers the proposed scheduling and discovery order filed in the case. Therefore, Defendant Ford Motor Company's Motion for Extension of Time to Identify Expert Witnesses is dismissed.

### IV. PLAINTIFF'S AMENDED COMPLAINT (DOC. 48)

The Court notes Plaintiff recently filed a Second Amended Complaint without leave of court or written consent of all adverse parties as required by the Federal Rules of Civil Procedure. Therefore, Plaintiff's Second Amended Complaint is not properly filed in this case. Plaintiff is directed to conform with the requirements of Rule 15 of the Federal Rules of Civil Procedure should he wish to properly amend his Complaint.

### V. CONCLUSION

As explained herein, Plaintiff's Motion to Quash Defendant Ford Motor Company's Subpoena to Progressive Insurance (Doc. 32) is dismissed as moot, Plaintiff's Motion to Quash Defendant Michelin North America's Subpoena to Progressive Insurance (Doc. 39)

is denied, Defendant Ford Motor Company's Motion for Extension of Time to Identify Expert Witnesses (Doc. 41) is dismissed, and Plaintiff's Amended Complaint (Doc. 48) is not properly filed.

**SO ORDERED**, this the 2nd day of February, 2007.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs